IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODOLFO H. PEREZ, | : | CIVIL ACTION NO. **3:CV-12-0227** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| JOSEPH PIAZZA, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On February 6, 2012, Plaintiff Rodolfo H. Perez, an inmate at the Luzerne County Correctional Facility ("LCCF") in Wilkes-Barre, Pennsylvania, filed, *pro se*, this civil rights action, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff challenges various conditions related to his confinement at LCCF. Specifically, Plaintiff's present constitutional claims commenced on May 19, 2011, when he was confined in the lock-up section ("hole") of LCCF, allegedly for no reason. Plaintiff challenges the conditions of his confinement in the lock-up section of LCCF, including the alleged denial of access to a telephone, the lack of a daily shower (*i.e.* two showers per week), the lack of clean underwear after his showers, the unclean conditions of the cells with urine and feces around the toilet, only one hour of exercise outside of his cell in the yard per day, inability to order items from the commissary, lack of library privilege, verbal harassment by prison staff based on his Hispanic nationality and limited ability to speak English, denial of Bible study on Saturdays, denial of visits by family since staff tells them he is no longer confined in LCCF, and returning his mail to the senders. Plaintiff also avers that on October 26,

2011, Defendants Correctional Officer ("CO") Wilk and Lieutenant ("Lt.") Domangauer assaulted him "by folding [his] arms going into the elevator and slamming [his] head off the wall." Plaintiff further avers that after the assault he was examined by a doctor on October 27, 2011, and prescribed antibiotics for the pain. Plaintiff also names LCCF Warden Joseph Piazza as a Defendant but he does not state any personal involvement of Piazza with respect to his constitutional claims. (Doc. 1, pp. 3-5).[1]

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 6). This Court has jurisdiction over Plaintiff's instant Complaint under 28 U.S.C. §1331 and §1343, and venue is proper since Plaintiff was located within the Middle District of Pennsylvania during the relevant times and all Defendants are located within this District.

We now screen Plaintiff's Complaint as we are obliged to do pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

We shall recommend that all of Plaintiff's Eighth Amendment conditions of confinement claims be dismissed without prejudice, and that his Eighth Amendment excessive force claim against Defendants CO Wilk and Lt. Domangauer be allowed to proceed. We also recommended that Defendant Piazza be dismissed without prejudice from Plaintiff's action for

---

[1]In his Complaint (Doc. 1, p. 1), Plaintiff indicates that he utilized the grievance procedure available through the LCCF. Plaintiff must fully exhaust his administrative remedies with respect to all of his claims prior to filing a civil rights suit. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

lack of personal involvement. Finally, we shall recommend that Plaintiff's *in forma pauperis* motion (Doc. 6) be granted, and that this case be remanded to the undersigned for further proceedings.

**II. PLRA.**

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 6). The Prison Litigation Reform Act of 1995[2] obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**III. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Fisher v. Matthews,*

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

–F.Supp.2d–, 2011 WL 1982920, *23 (M.D. Pa. 5-20-11). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Fisher v. Matthews,* –F.Supp.2d–, 2011 WL 1982920, * 23 *(citing Rode, supra)*.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

---

[3]Plaintiff alleges in his pleading that Defendants were employees of LCCF and as such they are state actors.

**IV. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Banks v. County of Allegheny*, 568 F.Supp.2d 588-589.

## V. Discussion.

Initially, we find that Plaintiff's Complaint is in violation of Rule 8. *Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

In order to comply with Rule 8, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has

6

adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give any Defendant fair notice of what Plaintiff's claims against them are and the grounds upon which they rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining. In fact, Plaintiff does not even specifically mention Defendant Piazza in his Complaint except for his caption, and he does not state the personal involvement of this supervisory Defendant with respect to his Eighth Amendment claims. Nor does Plaintiff 's Complaint contain a proper request for relief.

*1. Lack of Personal Involvement of Defendant Warden Piazza*

We find that Plaintiff has impermissibly named Warden Piazza as a Defendant based only on *respondeat superior*. Plaintiff does not allege that Defendant Piazza was personally involved with his placement in the lock-up section of LCCF or with the conditions in this section. Nor does Plaintiff state the personal involvement of Defendant Piazza with respect to his Eighth Amendment excessive force claim and Plaintiff does not state that Piazza was present in the lock-up on October 26, 2011, during the alleged assault incident. Further, Plaintiff does not state that Defendant Piazza directed Defendants CO Wilk and Lt. Domangauer to assault him on October 26, 2011, and that Piazza knew CO Wilk and Lt. Domangauer were going to cause him bodily harm and failed to intervene.

Plaintiff cannot name a Defendant in this § 1983 civil rights action based solely on *respondeat superior,* as he is clearly attempting to do with respect to Defendant Piazza. *See Rogers v. U.S.*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010); *Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

The Court in *Rogers,* 696 F.Supp.2d at 488*,* repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id. quoting Brown v. Grabowski,* 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied,* 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. *Rode,* 845 F.2d at 1208; *Cooper v. Beard,* 2006 WL 3208783 at *14 (E.D.Pa. Nov. 2, 2006).

As discussed above, we do not find that the Plaintiff has specifically stated the personal involvement of Defendant Piazza with respect to his Eighth Amendment conditions of confinement claims and his excessive force claim against Defendants CO Wilk and Lt. Domangauer Detective.

8

*See Rogers, supra.* In his Complaint, Plaintiff does not allege any type of personal involvement by Defendant Piazza in relation to his stated claims. In light of the above detailed allegations in Plaintiff's Complaint, Defendant Warden Piazza has not been sufficiently stated to have been personally involved with Plaintiff's constitutional claims. In *Carpenter v. Klopotoski*, 2011 WL 995967, *7, (M.D. Pa. 3-17-11), the Court stated:

> To maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995).

Based upon our review of the Complaint, we do not find that supervisory Defendant Piazza is sufficiently alleged to be personally involved in Plaintiff's constitutional claims. Therefore, we shall recommend that supervisory Defendant Piazza be dismissed from this case without prejudice for lack of personal involvement. *See Rogers, supra.* Also, based upon the above, we find that the Court should allow Plaintiff to amend his Complaint against Defendant Piazza with respect to his Eighth Amendment claims, and we find that there is no bad faith, undue delay, prejudice, or futility if Plaintiff is allowed to amend his pleading against the stated Defendant. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

*2. Eighth Amendment Conditions of Confinement Claims*

We do not find that Plaintiff has stated any Eighth Amendment conditions of confinement claims against the named Defendants. Plaintiff does not state the personal involvement of any Defendant with respect to his Eighth Amendment conditions of confinement claims. Further, the above detailed alleged conditions of the lock-up at LCCF do not even amount to Eighth Amendment conditions of confinement claims.

In *Mitchell v. Dodrill*, 696 F.Supp.2d 454, 466 (M.D. Pa. 2010), stated:

> "The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do no house inmates under conditions that deprive them of one or more basic human needs, such as the basic human need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). However, the Eighth Amendment does not mandate that prisons be free of discomfort *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). No static test determines whether conditions of confinement are "cruel and unusual." These terms must "draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society. *Tillery v. Owens*, 719 F. Supp. 1256, 1261 (W.D.Pa 1989).
> To establish an Eighth Amendment claim, Mitchell must show that he has been deprived of "the minimal civilized measure of life's necessities." *Griffin v. Vaughn,* 112 F.3d 703, 709 (3d. Cir. 1997) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d. Cir. 1992)). In reviewing this type of claim, courts have stressed the duration of the complaintant's exposure to the alleged unconstitutional conditions and the "totality of the circumstances" as critical to a finding of cruel and inhumane treatment. *Rhodes*, 452 U.S. at 362-363. Moreover, the focus must be on the deprivation of a particular basic necessity. As explained by the United States Supreme Court:
>
>> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell

> temperature at night combined with a failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of single human need exists. *Wilson v. Seiter*, 501 U.S. 294, 304-305 (1991).
>
> In addition to showing conditions that pose a significant risk of serious harm, the inmate must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Id. at 298*. As described by the Supreme Court in *Farmer,* the standard for determining deliberate indifference in a conditions of confinement case is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety. *Farmer,* 511 U.S. at 837. The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." *Id*. at 842.

We find that Plaintiff has failed to sufficiently state the personal involvement of any Defendant with respect to his Eighth Amendment conditions of confinement claims. *See Carpenter,* 2011 WL 995967, *6. In *Carpenter,* the Court stated:

> An Eighth Amendment violation occurs when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." *See Farmer,* 511 U.S. at 832 (1994). Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See id*. at 847, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811. Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." *See Singletary v. Pennsylvania Dept. Of Corrections,* 266 F.3d 186, 193 n. 2 (3d Cir.2001).

Plaintiff does not properly allege that any Defendant was personally aware that he faced a substantial risk to serious harm to his health by the conditions he was exposed to in the lock-up at LCCF and that Defendants disregarded that risk by failing to take reasonable measures to

11

abate the conditions. Further, Plaintiff does not allege the he personally complained to any Defendant about the conditions stated above, and that Defendants ignored his complaints. Thus, we shall recommend that Plaintiff's Eighth Amendment conditions of confinement claims be dismissed without prejudice as against all Defendants. Based upon the above, we find that it would not be futile and prejudicial to Defendants to allow Plaintiff to amend his pleading against Defendants to allege their personal involvement with respect to his Eighth Amendment conditions of confinement claims. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

     *3. Eighth Amendment Excessive Force Claim against Defendants CO Wilk and Lt. Domangauer*

     We find that Plaintiff states a cognizable Eighth Amendment excessive force claim against Defendants CO Wilk and Lt. Domangauer with respect to the October 26, 2011 alleged incident when these two Defendants slammed his head off the wall while he was being escorted into the elevator at LCCF. In order to establish an Eighth Amendment excessive force claim, the Court stated in *Freeman v. Bronkoski*, 2008 WL 4414725, *4 (M.D. Pa.):

> The Third Circuit Court of Appeals has noted that "[a]fter conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). In considering such a claim, the fact-finder must determine " 'whether force was applied in a good-faith effort to maintain or restore discipline, or

12

> maliciously and sadistically to cause. harm." " *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).  When " 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain," summary judgment is inappropriate for the defendant.  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).  Five factors apply in determining whether a correctional officer used excessive force: "(1) 'the need for the application of force;" (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of the injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of the response.'"  *Id.* (quoting *Whitley*, 475 U.S. at 321).

*See also Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004) (Court stated the factors in establishing an Eighth Amendment excessive force claim against prison staff); *Caldwell v. Luzerne County Correctional Facility Management*, 732 F.Supp. 2d 458, 469 (M.D. Pa. 2010) citing *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).

>The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:
>
>>"The core inquiry in claims of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." (Citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).
>
>The *Wesley* Court also stated:
>
>>While the Eighth Amendment's proscription against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force if the use of force is not of a sort "repugnant to the conscience of mankind," to state a claim, the plaintiff need only allege that force was maliciously applied to cause harm."  *Id.* (Citation omitted).

*Wesley*, 2004 WL 1465650 *6.  See also *Eppers v. Dragovich*, 1996 WL 420830 (E.D. Pa.).

Plaintiff alleges that only Defendants CO Wilk and Lt. Domangauer were personally involved with his excessive force claim. We will recommend that Plaintiff's Eighth Amendment excessive force claim be allowed to proceed as against Defendants CO Wilk and Lt. Domangauer.

**VI. Recommendation.**

Based on the above, it is respectfully recommended that supervisory Defendant Warden Piazza be dismissed from this case without prejudice for lack of personal involvement. Further, it is recommended that Plaintiff's Eighth Amendment conditions of confinement claims be dismissed without prejudice as against all Defendants. Additionally, it is recommended that Plaintiff's Eighth Amendment excessive force claim be allowed to proceed as against Defendants CO Wilk and Lt. Domangauer.

Finally, it is recommended that Plaintiff's case be remanded to the undersigned for further proceedings.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: March 6, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODOLFO H. PEREZ, | : | CIVIL ACTION NO. **3:CV-12-0227** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| JOSEPH PIAZZA, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 6, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: March 6, 2012**