IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODOLFO H. PEREZ, | : | CIVIL ACTION NO. **3:CV-12-0227** |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOSEPH PIAZZA, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.       Background.**

On February 6, 2012, Plaintiff Rodolfo H. Perez, formerly an inmate at the Luzerne

County Correctional Facility ("LCCF") in Wilkes-Barre, Pennsylvania, filed, *pro se*, this civil rights

action, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff is currently confined SCI-Greene,

Wanyesburg, Pennsylvania. Plaintiff challenged various conditions related to his confinement at

LCCF and he claims that these conditions violated the Eighth Amendment. Specifically, Plaintiff's

present constitutional claims commenced on May 19, 2011, when he was confined in the lock-

up section ("hole") of LCCF, allegedly for no reason. Plaintiff challenged the conditions of his

confinement in the lock-up section of LCCF, including the alleged denial of access to a

telephone, the lack of a daily shower (*i.e.*, two showers per week), the lack of clean underwear

after his showers, the unclean conditions of the cells with urine and feces around the toilet, only

one hour of exercise outside of his cell in the yard per day, inability to order items from the

commissary, lack of library privilege, verbal harassment by prison staff based on his Hispanic

nationality and limited ability to speak English, denial of Bible study on Saturdays, denial of visits

by family since staff told them he was no longer confined in LCCF, and returning his mail to the senders. Plaintiff also averred that on October 26, 2011, Defendants Correctional Officer ("CO") Wilk and Lieutenant ("Lt.") Domangauer assaulted him at LCCF "by folding [his] arms going into the elevator and slamming [his] head off the wall." Plaintiff further averred that after the assault, he was examined by a doctor on October 27, 2011, and prescribed antibiotics for the pain. Plaintiff also named LCCF Warden Joseph Piazza as a Defendant but he did not state any personal involvement of Piazza with respect to his constitutional claims. (Doc. 1, pp. 3-5).[1]

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 6). This Court has jurisdiction over Plaintiff's instant Complaint under 28 U.S.C. §1331 and §1343, and venue is proper since Plaintiff was located within the Middle District of Pennsylvania during the relevant times and all Defendants are located within this District.

We screened Plaintiff's Complaint as we were obliged to do pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

On March 6, 2012, we issued a Report and Recommendation ("R&R") and we recommended that all of Plaintiff's Eighth Amendment conditions of confinement claims be dismissed without prejudice, and that his Eighth Amendment excessive force claim against

---

[1]In his Complaint (Doc. 1, p. 1), Plaintiff indicated that he utilized the grievance procedure available through the LCCF. Plaintiff must fully exhaust his administrative remedies with respect to all of his claims prior to filing a civil rights suit. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

2

Defendants CO Wilk and Lt. Domangauer be allowed to proceed. (Doc. 8). We also recommended that Defendant Piazza be dismissed without prejudice from Plaintiff's action for lack of personal involvement. Finally, we recommended that this case be remanded to the undersigned for further proceedings.

On April 19, 2012, the Court issued a Memorandum and Order and adopted our Report and Recommendation. (Doc. 9). The Court directed that supervisory Defendant Warden Piazza be dismissed from the case without prejudice for lack of personal involvement. Further, the Court dismissed without prejudice Plaintiff's Eighth Amendment conditions of confinement claims be as against all Defendants. Additionally, the Court allowed Plaintiff's Eighth Amendment excessive force claim to proceed as against Defendants CO Wilk and Lt. Domangauer. The Court also stated that Plaintiff was allowed "twenty (20) days from the date of this Order [from April 19, 2012] in which to amend his pleadings against Defendant Piazza and in which to amend his pleadings on the conditions of confinement claims." (*Id.*). Further, the Court remanded this case to the undersigned for further proceedings.

After we waited in excess of twenty days following the Court's Doc. 9 Order, and after Plaintiff failed to amend his Complaint as permitted by the Court and failed to timely request an extension of time within which to do so, we issued an Order on May 16, 2012, granting Plaintiff's *in forma pauperis* Motion and directing service of Plaintiff 's original Complaint on the two remaining Defendants. (Doc. 11).

Defendants Domangauer and Wilk ("Defendants") were served with Plaintiff's original Complaint and they filed their Answer and Affirmative Defenses on July 16, 2012. (Doc.

3

22). We subsequently issued a scheduling order on August 17, 2012, that required all discovery to be completed by September 16, 2012, and all dispositive motions to be filed by October 16, 2012. (Doc. 23).

On September 14, 2012, we issued an Order and granted Defendants' Motion for Extension of Time to Complete Discovery. (Docs. 27 & 28). Our Order required discovery to be completed by November 16, 2012, and dispositive motions to be filed by December 16, 2012.

After discovery was complete, including the deposition of Plaintiff, Defendants Domangauer and Wilk, the only remaining Defendants with regard to this matter, jointly filed a Motion for Summary Judgment **(Doc. 38)** on December 17, 2012. Defendants also filed their Brief in Support (Doc. 39) of their Motion for Summary Judgment and their Statement of Material Facts (SMF") (Doc. 40). on the same date. Additionally, Defendants filed an Appendix of Exhibits (Doc. 41) in support of their Motion for Summary Judgment. Defendants' Appendix (Doc. 41) is made up of 15 Exhibits. (Docs 41-1 through 41-15). As discussed below, the evidence of Defendants is undisputed by Plaintiff.

Since Plaintiff failed to file his opposition brief to Defendants' Motion for Summary Judgment and his response to Defendants' SMF, on January 17, 2013, we issued an Order and *sua sponte* afforded Plaintiff an additional 15 days from the date the Order to file his opposition brief and his response to Defendants' SMF. (Doc. 43). Despite the extension of time, Plaintiff failed to file his opposition brief to Defendants' Motion for Summary Judgment and his response to Defendants' SMF. Further, Plaintiff did not request another extension of time.

4

On May 6, 2013, Plaintiff filed a Motion to Amend his Complaint and a proposed Amended Complaint. **(Docs. 51 & 51-1).** Plaintiff's proposed amended pleading is about one (1) year late based on the Court's April 19, 2012 Order. (Doc. 9). Also, as discussed below, we will recommend that Plaintiff's untimely Motion to Amend his Complaint be denied based on futility and undue prejudice to Defendants. Also, Plaintiff 's proposed Amended Complaint is not even a proper pleading and is in clear violation of Fed.R.Civ.P. 8. (Doc. 51-1). Further, Plaintiff 's proposed Amended Complaint, in large part, simply expands upon his remaining excessive force claim against Defendants Lt. Domangauer and CO Wilk which the Court has already allowed to proceed. In any event, Plaintiff 's November 9, 2012 deposition transcript more fully details Plaintiff's version of the events of the October 26, 2011 incident at issue. (Doc. 41-1).

As mentioned, according to the District Court's April 19, 2012 Order (Doc. 9), the only remaining claim is an Eighth Amendment excessive force claim as against Defendants Wilk and Domangauer based on an alleged October 26, 2011 incident at LCCF. Defendants filed a Motion for Summary Judgment and Plaintiff has not opposed it.

## II.        Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could

5

find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law. *Anderson*, 477 U.S. at 248. "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id.* The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id., quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

6

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

## III.     Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source

of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[2] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.")(citing *Rode, supra*).

---

[2]Plaintiff alleged in his pleading that the Defendants were employees of LCCF. (Doc. 1, p. 4). This is undisputed and is sufficient to show that Defendants are state agents.

8

## IV.    Statement of Material Facts.

In support of their Summary Judgment Motion, Defendants Domangauer and Wilk assert that the undisputed evidence shows that the amount of force they used on Plaintiff on October 26, 2011, was objectively *de minimis* and cannot be characterized as repugnant to the conscience of mankind based on *Gee v. The York City Police Department*, Civil Action No. 1:11-2301, 2012 U.S. Dist. Lexis 129823,   * 7 (M.D. Pa Aug. 21, 2012) and *Fuentes v. Wagner*, 206 F.3d 335, 347 (3d Cir. 2000).

As stated, Defendants properly filed their SMF with citation to the evidence  (Doc. 40, ¶'s 1-15), as required by Local Rule 56.1, M.D. Pa., which support their contention that the evidence shows they did not violate Plaintiff's Eighth Amendment rights on October 26, 2011, at LCCF. (Doc. 40,  ¶'s 8-11).  Also, Defendants submitted Exhibits with their SMF to support each one of their contentions.  (Docs. 41-1 through 41-15). Plaintiff failed to file his paragraph-by-paragraph response to Defendants' SMF, and we afforded him with ample opportunity to do so. We further note that Plaintiff was provided with a copy of the pertinent Local Rules of this Court.  (Doc. 4).

Since Defendants have properly filed their SMF in support of their Summary Judgment Motion (Doc. 40), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by their evidence, and since Plaintiff failed to properly respond to Defendants' SMF, we shall accept all of Defendants' facts contained in their SMF.  Further, none of Defendants' facts in their SMF are properly disputed by Plaintiff with citation to evidence. Thus, we find that Plaintiff has not properly responded to Defendants' SMF as required by Local

Rule 56.1, M.D. Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers*, 2008 WL 3540526 (M.D. Pa.); *Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Regardless of Plaintiff's failure to properly respond to Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their evidence. (Docs. 41-1 through 41-15).

As discussed below, we find that Defendants' undisputed evidence demonstrates that Lt. Domangauer and CO Wilk did not violate Plaintiff's Eighth Amendment rights regarding the October 26, 2011 incident at LCCF.[3]

## V.        Discussion.

In his Complaint, Doc. 1, Plaintiff alleged that on October 26, 2011, at 6:30 p.m., Defendants Lt. Domangauer and CO Wilk were escorting him, while he was in handcuffs, to an elevator seemingly to take him to segregation at LCCF, *i.e.*, the "hole." Plaintiff alleged that Defendants Domangauer and Wilk folded his arms going into the elevator and slammed his head off the wall. Plaintiff stated that he then received medical care from the prison doctor for his injuries and that pain medication was prescribed for him for a couple of days. As mentioned, the

---

[3]We do not repeat all of Defendants' SMF herein since Plaintiff failed to deny any of them. (Doc. 40). Further, since Defendants have correctly cited to their evidence in the SMF, we do not repeat these cites to the evidence herein. We also note that we found Defendants' cited evidence to support their SMF. (Doc. 41-1 to 41-15).

10

Court has found that Plaintiff stated a cognizable Eighth Amendment excessive force claim against Defendants Lt. Domangauer and CO Wilk.

Presently pending before the Court is Defendants' unopposed dispositive motion, **Doc. 38**. Plaintiff, as mentioned, failed to filed his opposition brief to Defendants' Summary Judgment Motion and his paragraph-by-paragraph response to Defendants' SMF as he was obliged to do and as he was aware he was required to file.[4]  Initially, we find that Plaintiff should be deemed as not opposing Defendants' Summary Judgment Motion under Local Rule 7.6, M.D. Pa., as we warned Plaintiff in our January 17, 2013 Order. (Doc. 43).

In his Complaint, Plaintiff alleged that on October 26, 2011, at 6:30 p.m., Defendants Wilk and Domanguaer basically assaulted him when the Defendants "folded my arms going to the elevator and slammed my head off the wall." (Doc. 1, pp. 4-5).  The undisputed evidence shows that on October 26, 2011, Plaintiff was housed in cell 2A at LCCF, and that every inmate in Plaintiff 's cell block was allowed to take a shower except for Plaintiff due to his confinement status following a sanction he received for an October 14, 2011 assault incident (*i.e.*, Plaintiff was only allowed one shower every three days).  Plaintiff then got "upset" and "annoyed" and, he spoke to Corporal Chudoba in a manner which he knew would result in his confinement in the "hole."  Specifically, Defendants' Exhibit I (Doc. 41-9), a Misconduct Report issued against Plaintiff on October 26, 2011, shows that Plaintiff called Corporal Chudoba "a cock sucker mother fucker."  Corporal Chudoba took Plaintiff, *sans* restraints, to the hallway outisde of the cell

---

[4]We again note that the docket reveals that Plaintiff was provided  copies of the pertinent Local Rules of this Court. (Doc . 4).

blcok.  Defendant  Lt. Domanguaer met them in them in hallway as the corporeal requested, and asked Plaintiff why he disrespected the corporeal.  Plaintiff stated that Corporal Chudoba responded badly to his question why he could not take a shower.  Defendant  Lt. Domanguaer then confirmed that Plaintiff had the stated shower restriction against him as a sanction, and put handcuffs on Plaintiff to transport him to downstairs to  the hole *via* an elevator due to his treatment of the corporeal.

Thus, on October 26, 2011, at 6:30 p.m., while Plaintiff was being transported to the "hole," Plaintiff became aggressive and combative.[5]  (Doc. 40, p. 3).  According to Defendants' Exhibit I (Doc. 41-9), a Misconduct Report issued against Plaintiff on October 26, 2011, Plaintiff became aggressive during transport to "lockup" and was restrained by the Defendants  with "the least amount of force possible" under the circumstances. (Doc. 41-9, p. 3). Furthermore, according to Defendants' undisputed evidence, Plaintiff became combative with staff while he was handcuffed behind his back and did not comply with orders. Plaintiff was then put on the elevator facing the back wall to be escorted to the hole for his charged misconduct against Corporal Chudoba, which is prison policy and done for officer safety. Defendants' evidence shows  that Plaintiff was not assaulted by Defendants and, that Defendants  were only reacting to Plaintiff's combative behavior in the elevator. (Docs. 41-9, 41-10).

---

[5]As stated, we do not repeat Defendants' evidence cited in support of their SMF since it is accurately stated in their SMF. (Doc. 40).  We also again note that we found Defendants' cited evidence to support their SMF.  (*See* Docs. 41-1 through 41-15).

Furthermore, contrary to Plaintiff 's allegations in his Complaint, Defendants' unopposed SMF show that no medical records exist at LCCF with regard to the alleged treatment Plaintiff received as a result of his head injury from an LCCF doctor following the October 26, 2011 incident. (Doc. 40, p. 3; Doc. 41-15, pp. 2-11). Additionally, Defendants' unopposed SMF shows that Plaintiff did not receive any medication by nursing staff on the date of the alleged incident. (Doc. 40, p. 3). Finally, Nurse John Burke did not examine Plaintiff on October 27, 2011, the day after the alleged incident, and did not prescribe Plaintiff any medication while he was a prisoner at LCCF. (Doc. 41-11, p. 1).

As the Court stated in *Freeman v. Bronkoski*, 2008 WL 4414725, *4 (M.D. Pa.):

The Third Circuit Court of Appeals has noted that "[a]fter conviction, the

Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). In considering such a claim, the fact-finder must determine " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause. harm." " *Id.* (quoting *Hudson v.McMillan*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). When " 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain," summary judgment is inappropriate for the defendant. *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Five factors apply in determining whether a correctional officer used excessive force: "(1) 'the need for the application of force;" (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of the injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of the response.'" *Id.* (quoting *Whitley*, 475 U.S. at 321).

*See also Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004) (Court stated the factors in establishing an Eighth Amendment excessive force claim against prison staff); *Banks v. Mozingo*, 423 Fed.Appx. 123, 126 (3d Cir. 2011)(citations omitted).

The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:

> "The core inquiry in claims of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." (Citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

The *Wesley* Court also stated:

> While the Eighth Amendment's proscription against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force if the use of force is not of a sort "repugnant to the conscience of mankind," to state a claim, the plaintiff need only allege that force was maliciously applied to cause harm." *Id.* (Citation omitted).

*Wesley*, 2004 WL 1465650 *6; *see also Eppers v. Dragovich*, 1996 WL 420830 (E.D. Pa.).

We find that the undisputed evidence, as detailed above, shows Defendants Wilk and Domangauer did not use excessive force on Plaintiff on October 26, 2011, in violation of the Eighth Amendment and, that Defendants' actions were not malicious or done to cause Plaintiff harm. Rather, we find that the undisputed evidence shows that Defendants' tactics were used to get Plaintiff to comply with the legitimate orders of prison staff needed to transport Plaintiff to the "hole" because of Plaintiff's misconduct. Further, based on the undisputed evidence surrounding the October 26, 2011 incident, the sort of force Defendants Wilk and Domangauer used was not "repugnant to the conscience of mankind" and it was warranted based on Plaintiff's own combative conduct. Additionally, Plaintiff did not submit any evidence to show that he suffered

14

any serious injuries as a result of the October 26, 2011 incident and the alleged force used by Defendants Wilk and Domangauer.

Moreover, Defendants' undisputed evidence, namely, Exhibit I (Doc. 41-9), the Misconduct Report issued against Plaintiff on October 26, 2011, shows that Plaintiff was found guilty of the charges, including assault and fighting as well as using abusive or obscene language to staff and refusing to obey an order. Plaintiff was sanctioned to 30 days in lock up in the RHU. Thus, since Plaintiff was found guilty of being the aggressor regarding the October 26, 2011 incident at LCCF, his present excessive force claim against Defendants Wilk and Domangauer also appears to be *Heck* barred.

Since it is undisputed that on November 1, 2011, after a disciplinary hearing, Plaintiff was found guilty to the stated charges in the Misconduct Report issued against him on October 26, 2011, and that Plaintiff was sanctioned for his conduct, Plaintiff's excessive force claim raised in his instant Complaint which alleges that Defendants were the aggressors, may be *Heck* barred since his claim appears to affect the validity of his disciplinary conviction and the sentence he received. Thus, Plaintiff's Eighth Amendment claim may also be *Heck* barred until Plaintiff successfully has his stated disciplinary conviction and sentence overturned.

In *Braggs v. Flatt*, 2009 WL 2750120, *4-*5 (W. D. Pa.), the Court stated:

> *Heck v. Humphrey* [512 U.S. 447 (1994) ] and its progeny. In *Heck,* the Supreme Court held that a prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court has summarized this so-called "favorable termination requirement"

by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-**no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction**
**or internal prison proceedings)**-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). *See also Hill v. McDonough,* 574 U.S. 73 (2006); *Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).

Thus, we note that Plaintiff's claim, to the extent it would impugn the validity of his disciplinary conviction and sentence he received regarding the October 26, 2011 incident at LCCF and the charges filed against, may be precluded by *Heck. See Washam v. Stesis,* 321 Fed. Appx. 104, 105 (3d Cir. 2009); *Sandy v. Lehigh Co. Dist. Attorney,* 2008 WL 910001, *1-*2 (E.D. Pa.).

Based on the undisputed evidence, we shall recommend that Defendants' Summary Judgment Motion **(Doc. 38)** be granted with respect to Plaintiff's remaining excessive force claim against Defendants Wilk and Domangauer.

Finally, as stated, Plaintiff recently filed on May 6, 2013, a Motion to Amend his Complaint. **(Doc. 51).** Under Rule 15(a), it is within the Court's discretion to grant or deny a request for leave to file an amended pleading. Wright Miller & Kane, *Federal Practice & Procedure,* § 1504; *Farmer v. Brennan,* 511 U.S. 825, 845, 114 S.Ct. 1970, 1983 (1994). Furthermore, leave should be freely granted when doing so will promote the economic and speedy disposition of the whole case, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the case. *Id.*

16

The grant or denial of a motion for leave to amend or supplement is committed to the sound discretion of the District Court. *Cureton v. NCAA*, 252 F. 3d 267, 272 (3d Cir. 2001). The Court is well aware Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," however, if the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182 (1982). The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Further, "prejudice to the non-moving party is the touchstone" for denying leave to file an amended complaint. *Cornell & Co., Inc. v. OSHA Review Comm'n.*, 573 F. 2d 820, 823 (3d Cir. 1978).

As mentioned, Plaintiff's proposed amended pleading is about one (1) year late based on the Court's April 19, 2012 Order. (Doc. 9). Also, we find that Plaintiff's untimely Motion to Amend his Complaint should be denied based on futility and undue prejudice to Defendants. We also find that Plaintiff 's Motion is merely a dilatory tactic to needlessly delay this case which was commenced over fifteen (15) months ago and in which discovery was completed about six (6) months ago. Further, as stated, Plaintiff 's proposed Amended Complaint is not even a proper pleading and is in clear violation of Fed.R.Civ.P. 8. (Doc. 51-1). While *pro se* parties are accorded substantial deference and liberality in federal court, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they are not, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief

17

sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

In order to comply with Rule 8, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, Plaintiff's proposed Amended Complaint is in clear violation of Rule 8. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining.

Further, we find that Plaintiff 's proposed Amended Complaint, in large part, merely expands upon his remaining excessive force claim against Defendants Lt. Domangauer and CO Wilk which the Court has already allowed to proceed. In fact, Plaintiff 's November 9, 2012 deposition transcript more fully details Plaintiff's version of the events of the October 26, 2011 incident at issue and this transcript has been submitted by Defendants as evidence of record in this case. (Doc. 41-1). Thus, it is futile for Plaintiff to re-allege his excessive force claim.

Additionally, while Plaintiff alleges in his proposed Amended Complaint that he was injured and received medical care by Nurse John Blake after the October 26, 2011 incident as well as medication, the undisputed evidence in this case shows that Plaintiff did not suffer any

18

injuries as a result of October 26, 2011 incident, and that Nurse Blake did not examine Plaintiff, treat Plaintiff or give Plaintiff any medication after the incident. Thus, it would be futile to allow Plaintiff to amend his Complaint at this late stage of the case.

Furthermore, with regards to Plaintiff's request for declaratory judgment in his proposed Amended Complaint, Doc. 51-1, p. 5, we find that this request would be subject to dismissal with prejudice. Plaintiff simply asks the Court to issue a Declaratory Judgment declaring that the past alleged conduct of Defendants at LCCF violated his constitutional rights. Plaintiff lacks standing to have the Court declare unconstitutional the past alleged conduct of Defendants.

In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

(Emphasis added).

Plaintiff fails to allege that he will be subjected to that alleged conduct in the future at LCCF. As stated, Plaintiff is no longer confined at LCCF. Plaintiff was confined at LCCF from

May 19, 2011 until September 6, 2012, while he was waiting to go to trial in Luzerne County Court for the murder of Vladimir Ruiz. (Doc. 40, p. 2). Plaintiff is now confined at SCI-Somerset and he is serving his prison sentence imposed on May 29, 2012, after he was found guilty of murder in the first degree and conspiracy to commit murder on March 30, 2012. (Doc. 40, p. 4, Doc. 41-4). Thus, there is no substantial likelihood that Plaintiff will be returned to LCCF and that he will suffer the alleged injury in the future. Moreover, even if Defendants violated Plaintiff's rights on October 26, 2011 at LCCF as he alleges, and we have found that Defendants have not, Plaintiff is not entitled to a declaration to that effect. *See Blakeney, supra*. Therefore, Plaintiff's request for declaratory relief in his proposed Amended Complaint is futile and would be dismissed with prejudice.

Based on the above discussion, it is clear that it would be futile for the Court to allow Plaintiff to file his Amended Complaint, and we will recommend that Plaintiff 's Motion to Amend his Complaint (Doc. 51) be denied.

## VI.    Recommendation.

Based on the foregoing, it is respectfully recommended that Defendants' Motion for Summary Judgment **(Doc. 38)** be granted.  It is also recommended that Judgment be entered in favor of Defendants Wilk and Domangauer, and against Plaintiff Perez.  Additionally, it is recommended that Plaintiff's Motion to Amend his Complaint **(Doc. 51)** be denied.

Finally, it is recommended that the Court close this case.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May ///, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODOLFO H. PEREZ, | : | CIVIL ACTION NO. **3:CV-12-0227** |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOSEPH PIAZZA, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated May *16*, 2013.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May** /// **, 2013**